United States District Court
Southern District of Texas
**ENTERED**
December 02, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ENERGY FUNDAMENTALS GROUP, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:24-CV-01427 |
| EXTIEL GPG, LLC AND GULF PROCESS GASES, LLC, | § § § | |
| *Defendants.* | § § | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]</u>

This is a breach of contract dispute. Pending before the Court is Plaintiff Energy Fundamentals Group, LLC's ("Plaintiff" or "EFG") motion for summary judgment, ECF No. 10, and Defendants Extiel GPG, LLC ("Extiel GPG") and Gulf Process Gases, LLC's ("GPG") (collectively, "Defendants") motion for continuance, ECF No. 21. The questions presented for resolution are (1) whether Defendants are entitled to a continuance to conduct additional discovery under Rule 56(d) of the Federal Rules of Civil Procedure and, if not, (2) whether Plaintiff is entitled to judgment as a matter of law.

---

[1] On June 20, 2024, the District Judge to whom this case is assigned referred Defendants' motion for summary judgment for a report and recommendation in accordance with 28 U.S.C. § 636(b). Order, ECF No. 19. The motion for continuance was referred for order. Order, ECF No. 22.

Based on a careful review of the briefing and applicable case law, the Court denies the motion for continuance and recommends that the motion for summary judgment be granted. Defendants have failed to plead the specific facts required to justify additional discovery under Rule 56(d), and they have not created a genuine dispute of material fact as to Plaintiff's breach of contract claim.

## I.    BACKGROUND

The undisputed facts are as follows:[2] On October 6, 2017, and July 25, 2018, Plaintiff and Defendants entered into two separate financing agreements and executed accompanying promissory notes. Pl.'s Compl., ECF No. 1 ¶¶ 6, 9; Defs.' Ans., ECF No. 5 ¶ 2. Pursuant to the agreements, Plaintiff would lend certain sums to Defendants, and Defendants would repay the sums along with interest and other costs.[3] ECF No. 1 ¶ 7, 10; ECF No. 5 ¶ 2. Plaintiff alleges that, in both instances, Defendants failed to make payments when they became due. ECF No. 1 ¶¶ 8, 11; ECF No. 5 ¶ 2.[4] Defendants have admitted the existence of the agreements as well

---

[2] In their answer, Defendants admit all the allegations in the complaint, ECF No. 5 ¶¶ 1, 2, & 3, except those in paragraphs 14-15 which are the breach of contract claims in Count I, *id.* ¶ 4.

[3] "Under the Financing Agreement I and Note I, EFG agreed to and did loan Defendants $525,000.00. In return, EFG was promised the repayment of the $525,000.00, an Earned Investment Sum ("EIS") of $318,000.00, plus interest that began to accrue 12 months after October 6, 2017, a rate of 8% per annum." ECF No. 1 ¶ 7; ECF No. 5 ¶ 2 (admitting the allegations in paragraph 7 of the Complaint). "Under the Financing Agreement II and Note II, EFG agreed to and did loan Defendants $181,250.00. In return, EFG was promised the repayment of the $181,250.00, an EIS of $109,838.00, plus interest that began to accrue 12 months after July 25, 2018, a rate of 8% per annum." ECF No. 1 ¶ 10; ECF No. 5 ¶ 2 (admitting the allegations in paragraph 10 of the Complaint).

[4] Defendants admitted the allegations in paragraph 11 of the Complaint.

as their failure to make any repayments under them. ECF No. 5 ¶ 2 (admitting the allegations in paragraphs 6-11 of the Complaint, which allege these facts). However, Defendants have asserted that Plaintiff is prohibited from filing suit in Texas, arguing that its corporate existence has been forfeited since 2006. ECF No. 5 ¶¶ 7-8.

Plaintiff was reinstated[5] as a legal corporate entity in May 2024 and filed a motion for summary judgment. ECF No. 10. The Court granted Defendants a thirty-day extension to respond. ECF No. 16. In their response to the summary judgment motion, Defendants continue to challenge Plaintiff's ability to file suit, despite its reinstatement. ECF No. 21 at 3-5. In addition, they argue that Plaintiff's loans, made while the entity's right to do business was forfeited,[6] "may have been, at best, *ultra vires*, and at worst, invalid in whole and thus unenforceable." *Id.* at 4. Defendants seek an additional ninety days to conduct discovery because the Court's Scheduling/Docket Control Order "forbids any discovery until Plaintiff's dispositive motion is resolved."[7] *Id.* at 5-6.

---

[5] *See* Ex. A, ECF No. 24-1 (packing slip for Plaintiff's reinstatement and Secretary of State's certification that "the entity status in Texas is in existence").

[6] Whether Plaintiff's right to do business was forfeited is unknown. Although "[t]he comptroller *shall* forfeit the *corporate privileges* of a corporation" who fails to pay its franchise tax, TEX. TAX CODE ANN. § 171.251 (West 1981) (emphases added), the effect of failure to pay this tax on the right to transact business in the state is less clear; "[t]he comptroller *may*, for the same reasons and using the same procedures the comptroller uses in relation to the forfeiture of the corporate privileges of a corporation, forfeit the right of a taxable entity to transact business in this state." *Id.* § 171.2515(a) (emphasis added). Regardless, whether Plaintiff's right to do business was forfeited does not affect the disposition of this case, for reasons discussed below.

[7] This is a mischaracterization of the Scheduling Order timeline. The Order states that discovery must be completed within 180 days after a ruling on Plaintiff's summary judgment motion.

## II. THE STANDARD OF REVIEW ON MOTION FOR CONTINUANCE.

A court may defer ruling on a motion for summary judgment and allow more time for discovery if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (cleaned up). The Fifth Circuit has generally framed the non-moving party's burden under Rule 56(d) as requiring a two-part[8] showing that: (1) "additional discovery will create a genuine issue of material fact," and (2) the non-moving party "diligently pursued discovery." *Bailey v. KS Mgmt. Services, L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (internal quotations omitted).

To satisfy the first showing, "the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (internal quotation omitted). A court must "generally assess[ ] whether the evidence requested

---

[8] Because the Court determines that Defendants fail the first part of the test, it does not address the second part.

would affect the outcome of a summary judgment motion." *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016). However, the non-moving party "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* (internal quotation omitted).

### III.   THE STANDARD OF REVIEW ON SUMMARY JUDGMENT.

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (internal quotation omitted).  A fact is material "if and only if proof of its existence might affect the outcome of the case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[ ] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine [dispute] of material fact." *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown 'that there is an absence of

evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)). "Summary judgment cannot be defeated through '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

When ruling on a motion for summary judgment, the Court views all facts and inferences in the light most favorable to the nonmoving party and resolves all disputed facts in favor of the nonmoving party. *Rodriguez v. City of Laredo*, 459 F. Supp. 3d 809, 814 (S.D. Tex. 2020). The Court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## IV.    NO ADDITIONAL DISCOVERY IS NECESSARY.

Defendants, in their motion to continue, have requested that the Court allow them to "conduct limited discovery and take the deposition of one (1) corporate representative of Plaintiff on the issues above...." ECF No. 21 at 5-6. The "issues"

are whether Plaintiff misrepresented its ability to enter into loans,[9] "whether a post-petition reinstatement…cures a lawsuit that was filed during a party's forfeiture," and whether the loans are "*ultra vires*…or invalid in whole and thus unenforceable." *Id.* at 3-5.

In their request, Defendants have not satisfied the first showing, which requires them to "set forth a plausible basis for believing that the specified *facts*…probably exist and indicate how the emergent *facts*, if adduced, will influence the outcome of the pending summary judgment motion." *Bailey*, 35 F.4th at 401 (emphases added). Whether Plaintiff misrepresented its ability to make loans and whether the loans are *ultra vires* or invalid both turn on the law regarding whether Plaintiff may legally enter contracts. Similarly, whether reinstatement cures a lawsuit filed during forfeiture is a legal, rather than factual, issue.

Regardless, applicable law answers these legal questions and discovery is unnecessary.

**A. Reinstatement Revives Lawsuits Filed During a Party's Forfeiture.**

Under Texas law, if a company forfeited its right to do business in the state and therefore is "denied the right to sue or defend in a court of this state," TEX. TAX

---

[9] Defendant argues the following misrepresenations: "In **Section 5a** of the loan agreement, EFG apparently misrepresented that it had 'corporate power and authority' to enter into the loans…In **Section 5c**, EFG apparently misrepresented there were 'no pending administrative or judicial actions' that affected the loans…In **Section 5d**, EFG apparently misrepresented that it did not need any 'filing, consent or governmental approvals' to transact business." ECF No. 21 at 3.

CODE ANN. § 171.252 (West 1981), the company may seek reinstatement and thus revive its right to litigate. *See G. Richard Goins Constr. Co., Inc. v. S.B. McLaughlin Assoc., Inc.*, 930 S.W.2d 124, 128 (Tex. App.—Tyler 1996). When the "right to sue or defend is revived, the corporation may sue or defend all causes of action, regardless of whether such causes of action arose before or during the period of forfeiture." *Id.* (internal citation omitted). "After reinstatement, the revived rights relate back to the point of the delinquency." *Manning v. Enbridge Pipelines (E. Tex.) L.P.*, 345 S.W.3d 718, 723 (Tex. App.—Beaumont 2011) (citing *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.¸* 994 S.W.2d 830, 839 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). "Revival reinstates all rights 'as if the disability had never existed.'" *Id.* (quoting *G. Richard Goins Constr.*, 930 S.W.2d at 128).

Therefore, a post-petition reinstatement cures a lawsuit that was filed during a party's forfeiture.

### B. Contracts Made During Forfeiture Are Nonetheless Valid.

Whether Plaintiff could have entered into a valid loan agreement while its rights were forfeited is also answered in the affirmative. "[Plaintiff] could have entered into a valid contract 'because the law does not expressly declare that contracts made by a corporation whose right to do business has been forfeited are void.'" *Transamerica Corp. v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733, 737 (Tex. App.—Houston [14th Dist] 2019, no pet.) (quoting *Ross Amigos Oil Co. v.*

*State*, 138 S.W.2d 798, 800 (Tex. 1940)). "The only right or privilege taken away from such corporation by the forfeiture of its right to do business by the Secretary of State was its right to sue and defend in the courts of this State."[10] *Ross*, 138 S.W.2d at 800.

Further, because Plaintiff could make a valid loan contract, it did not make any misrepresentations to Defendants about Plaintiff's "corporate power and authority" to enter into the loans. *Cf. Texarkana Mack Sales, Inc. v. Flemister*, 741 S.W.2d 558, 560-61 (first citing *Pennington v. Singleton*, 606 S.W.2d 682 (Tex. 1980); then citing *Nagy v. First Nat'l Gun Banque Corp.*, 684 S.W.2d 114, 116 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)) ("Liability is predicated not upon the belief of [whether] the statements are true, but upon the falsity of the representation actually made."). For the same reason, Plaintiff did not make misrepresentations about whether there were pending "judicial or administrative" actions that affected the loans or about the need for any "filing, consent, or governmental approvals" to transact business.

Defendants' motion to continue is therefore denied.

## V.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

Because Defendants have admitted all the allegations needed to establish

---

[10] Reinstatement restores this right to sue and defend. *G. Richard Goins Constr. Co.*, 930 S.W.2d at 128.

Plaintiff's breach of contract claim, there are no genuine issues of material fact. *See Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (quoting *Ferguson v. Neighborhood Housing Servs., Inc*, 780 F.2d 549, 551 (6th Cir. 1986) (internal quotations omitted)) ("Facts that are admitted in the pleadings are no longer at issue.").

To recover on a promissory note under Texas law, the plaintiff must prove: "(1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note." *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 329 (5th Cir. 2017) (citing *Geiselman v. Cramer Fin. Grp.*, 965 S.W.2d 532, 536 (Tex. App.—Houston [14th Dist.] 1997, no writ)). Although Defendants have generally denied that Plaintiff has met these elements, ECF No. 5 ¶ 4, Defendants have nonetheless admitted all the factual allegations needed to establish each of these elements. *Id.* ¶ 2.

**A. The Notes Exist.**

Plaintiff alleges that "EFG and Defendants entered into a Bridge Loan Financing Agreement ("Financing Agreement I")" and that, "[a]s part of the Financing Agreement I, Defendants also executed the Promissory Bridge Loan Note ("Note I")." ECF No. 1 ¶ 6. Defendants' Answer admits paragraph 6 is true. ECF No. 5 ¶ 2. Plaintiff further alleges that "EFG and Defendants entered into another Bridge Loan Financing Agreement II ("Financing Agreement II")" and that, "[a]s

part of the Financing Agreement II, Defendants also executed the Promissory Bridge Loan Note II ("Note II")." ECF No. 1 ¶ 9. Defendants admit that the allegations in paragraph 9 are true. ECF No. 5 ¶ 2. Thus, it is undisputed that the notes in question, Notes I and II, exist. *Rogers*, 715 F. App'x at 329 (citing *Geiselman*, 965 S.W.2d at 536).

Plaintiff has proved the first element, the notes at issue.

### B. GPG Signed the Notes.

As to the second element, Plaintiff alleges that Defendants signed the notes: "Defendants also executed the Promissory Bridge Loan Note" and "Promissory Bridge Loan Note II…GPG executed both agreements as the guarantor." ECF No. 1 ¶¶ 6, 9. Defendants' Answer admits the allegations in paragraphs 6 and 9. ECF No. 5 ¶ 2. The admitted paragraphs reference the exhibits that contain copies of the notes which contain Defendants' signatures. ECF Nos. 1-2 at 13-15; 1-3 at 12-13. Thus, it is undisputed that Defendant GPG signed the notes. *Rogers*, 715 F. App'x at 329 (citing *Geiselman*, 965 S.W.2d at 536).

Plaintiff has proved the second element that Defendants signed the notes.

### C. EFG Is the Holder of the Notes.

Although in a less explicit manner, Defendants' Answer also admits that EFG is the holder of the notes. Defendants admit that the parties entered into the two financing agreements and that Defendants executed the accompanying promissory

notes. ECF No. 5 ¶ 2 (admitting the allegations in paragraphs 6 and 9 of the Complaint). The exhibits cited in the admitted paragraphs include the two promissory notes, and each promissory note contains this statement: "[Extiel GPG] promises to pay to the order of Energy Fundamentals Group, LLC, *the registered holder hereof (the "Holder")*, the principal sum…plus an Earned Investment Sum…." ECF Nos. 1-2 at 16; 1-3 at 14 (emphasis added). "[N]owhere in Defendant's response does Defendant challenge Plaintiff's status as the present holder and owner of the promissory notes." *See U.S. v. Williams*, No. CIV.A. 3:97–CV–1713P, 1998 WL 641808, at *3 (N.D. Tex. Sept. 14, 1998). Thus, EFG's status as holder of the notes is undisputed. *Rogers*, 715 F. App'x at 329 (citing *Geiselman*, 965 S.W.2d at 536).

Plaintiff has proved the third element that it is the holder of the notes.

**D. A Certain Balance Is Due and Owing on Both Notes.**

The fourth element requires proof of a certain balance on each note is due and owing. Defendants' Answer also admits that certain balances are due and owing on both notes. "Under the Financing Agreement I and Note I, EFG agreed to and did loan Defendants $525,000.00. In return, EFG *was promised the repayment of the $525,000.00 an Earned Investment Sum ("EIS") of $318,000.00 plus interest that began to accrue 12 months after October 6, 2017, a rate of 8% per annum*." ECF No. 1 ¶ 7 (emphasis added). Defendants Answer admits this allegation. ECF No. 5

12

¶ 2. "Note I defined that *Defendants' repayment obligation began 18 months after execution of the Financing Agreement I and Note I*, which was April 6, 2019. Despite repayment obligation beginning at the earliest about 5 years ago, *Defendants have failed to make any payment under Note I.*" ECF No. 1 ¶ 8 (emphases added). Again, Defendants admit the allegations in paragraph 8. ECF No. 5 ¶ 2.

Similarly, "[u]nder the Financing Agreement II and Note II, EFG agreed to and did loan Defendants $181,250.00. In return, EFG *was promised the repayment of the $181.250.00, an EIS of $109,838.00, plus interest that began to accrue 12 months after July 25, 2018, a rate of 8% per annum.*" ECF No. 1 ¶ 10 (emphasis added). "As with Note I, Note II defined that *Defendants' repayment obligation began 18 months after execution of the Financing Agreement II and Note II*, which was January 25, 2020. Despite repayment obligation beginning at the earliest about 4 years ago, *Defendants have failed to make any payment under Note II.*" ECF No. 1 ¶ 11 (emphases added). Defendants admit the allegations in paragraphs 10 and 11. ECF No. 5 ¶ 2.

Thus, it is undisputed that certain balances are due and owing on both notes. *Rogers*, 715 F. App'x at 329 (citing *Geiselman*, 965 S.W.2d at 536). Because the record establishes the elements necessary to recover on a promissory note, *PlainsCapital Bank*, 715 F. App'x at 329, Plaintiff's motion for summary judgment should be granted.

13

## VI.    CONCLUSION

Therefore, it is recommended that Plaintiff's motion for summary judgment, ECF No. 10, be **GRANTED**. It is **ORDERED** that Defendants' motion to continue, ECF No. 21, is **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on November 27, 2024.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**

14